DAN RAYFIELD
Attorney General
ALLIE M. BOYD #163478
Senior Assistant Attorney General
JULIA A. TAYLOR #244613
Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  allie.m.boyd@doj.oregon.gov
        julia.taylor@doj.oregon.gov

Attorneys for Defendants State of Oregon, Bonny McCoy, Christina Towers, and Ryan Dwyer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MORGAN DUNLAP,<br><br>   Plaintiff,<br><br>  v.<br><br>STATE OF OREGON, acting by and through OREGON DEPARTMENT OF CORRECTIONS, an Oregon Executive Agency, BONNIE MCCOY, in her individual capacity; CHRISTINA TOWERS, in her individual capacity; and RYAN DWYER, in his individual capacity; and DOE DEFENDANTS 1-10,<br><br>   Defendants. | Case No.  6:26-cv-01197-AP<br><br>STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

Defendants State of Oregon, Bonny McCoy, Christina Towers, and Ryan Dwyer admit, deny, and answer Plaintiff's Complaint as follows:

Page 1 - STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
  AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## INTRODUCTION

### 1.

Defendants deny the allegations of paragraph 1.

## JURISDICTION AND VENUE

### 2.

Paragraph 2 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny.

### 3.

Paragraph 3 contains legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny.

## PARTIES

### 4.

Upon information and belief, Defendants admit the allegations of Paragraph 4.

### 5.

As to paragraph 5, Defendants admit that Defendant McCoy is an ODOC official and was, at times, Plaintiff's supervisor at ODOC.

### 6.

As to paragraph 6, Defendants admit that Defendant Towers is an Assistant Inspector General of the Professional Standards Unit, and is an ODOC official involved in investigations. Defendants are without knowledge or information as to Plaintiff's meaning of "communications, and disclosures" sufficient to admit or deny, and so denies the same.

### 7.

As to paragraph 7, Defendants admit that Defendant Dwyer is the Deputy Inspector General. Defendants are without knowledge or information as to Plaintiff's meaning of "similar DOC official involved in DOC investigations and/or related communications and disclosures" sufficient to admit or deny, and so deny the same.

Page 2 -   STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
FOR JURY TRIAL
AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

8.

Defendants deny the allegations of paragraph 8.

9.

Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 9, and so deny the same.

**FACTUAL ALLEGATIONS**

10.

Defendants admit the allegations of paragraph 10.

11.

As to paragraph 11, Defendants admit that the Professional Standards Unit was created on or about January 1, 2025, and that Defendant McCoy became the PSU east-side manager, and Defendant Towers became the PSU west-side manager. Defendants deny the remaining allegations of paragraph 11.

12.

Defendants deny the allegations of paragraph 12.

13.

As to paragraph 13, Defendants admit Plaintiff was assigned an investigation at Deer Ridge Correctional Institution ("DRCI"), which is located in Madras, Oregon. Defendants further admit that Plaintiff interviewed employees as part of this investigation. Defendants further admit that this investigation resulted in several substantiated allegations against the employee.

14.

Defendants deny the allegations of paragraph 14.

15.

As to paragraph 15, Defendants admit that Hollie Russell was assigned to conduct additional interviews related to this investigation. Defendants deny the remaining allegations of paragraph 15.

Page 3 -   STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
FOR JURY TRIAL

16.

As to paragraph 16, Defendants admit that Defendant McCoy issued Plaintiff a Letter of Expectation. Defendants deny the remaining allegations of paragraph 16.

17.

As to paragraph 17, Defendants admit that Defendant Towers supervised Plaintiff in SIU. Defendants further admit that it is practice to document what a Confidential Informant reports and investigate such reports, and that Plaintiff routinely failed to document such reports. Defendants deny that favors are ever given to AICs in exchange for tips. Defendants deny the remaining allegations of paragraph 17.

18.

Defendants admit the allegations of paragraph 18.

19.

As to paragraph 19, Defendants admit Plaintiff was assigned to investigate the complaint, and interview Green. Defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 19, and so deny the same.

20.

Upon information and belief, Defendants admit the allegations of paragraph 20.

21.

As to paragraph 21, Defendants are without knowledge or information sufficient to admit or deny Plaintiff's impressions on the evidence and so deny the same.

22.

As to paragraph 22, Defendants admit that Plaintiff emailed Jamie Miller and Defendant McCoy upon her request with an update on his investigation. The contents of that email communication speak for themselves.

23.

Defendants deny the allegations of paragraph 23.

Page 4 -    STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

24.

As to paragraph 24, Defendants admit that a complaint was submitted that Green was removed from trial service by Barker in retaliation. Defendants deny this complaint was made in March 2025.

25.

As to Paragraph 25, upon information and belief, this was the conclusion that Plaintiff reached as a result of his investigation.

26.

As to Paragraph 26, Defendants admit that in June 2025 Defendant McCoy was asked by Jamie Miller to have the investigation report finalized before Plaintiff went on vacation, and that Defendant McCoy worked with Plaintiff to get the report completed. Defendant denies the remaining allegations of paragraph 26.

27.

Defendants deny the allegations of paragraph 27.

28.

As to paragraph 28, Defendants admit that Defendant McCoy discussed the investigation with Plaintiff and explained to Plaintiff that even if the conduct was not sexual harassment, it could still be substantiated as a violation of the expectations of managers to exercise professional boundaries and good judgment. Defendants deny the remaining allegations of paragraph 28.

29.

As to paragraph 29, Defendants admit that Plaintiff signed the investigation report. Defendants are without knowledge or information sufficient to admit or deny what Plaintiff understood or thought as to Defendant McCoy's actions, and so deny the same. Defendants deny that Plaintiff would face discipline or termination if he did not sign the report.

Page 5 -   STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
FOR JURY TRIAL
AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

30.

Defendants admit the allegations of paragraph 30.

31.

Defendants deny the allegations of paragraph 31.

32.

Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 32, and so deny the same.

33.

As to Paragraph 33, Defendants admit that Defendant McCoy informed Plaintiff that his work schedule was changing from remote to fully in-person. Defendants deny this was in retaliation toward Plaintiff. Rather, this was out of concern that Plaintiff was not working all of his hours. Defendants are without knowledge or information sufficient to admit or deny what Plaintiff was convinced Defendant McCoy would do, or that Plaintiff began to look for a new position as a result, and so deny the same.

34.

As to paragraph 34, Defendants admit that Defendant Towers called Plaintiff on or about October 21, 2025 to schedule this interview on October 23, and emailed him on or about October 22, 2025 for the same purpose. Defendants deny that Defendant Towers was circumspect regarding the purpose of the meeting.

35.

As to paragraph 35, Defendants deny that assigning Defendant Towers to interview Plaintiff was against any policy or practice. Defendants are without knowledge or information sufficient to admit or deny what Plaintiff's concerns about being interviewed by Defendant Towers were, and so deny the same.

Page 6 - STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

36.

As to paragraph 36, Defendants admit that Defendant Towers informed Plaintiff that he was the subject of an investigation into time theft. Defendants deny the remaining allegations of paragraph 36.

37.

As to paragraph 37, Defendants admit that Defendant Towers informed Plaintiff that the investigation was administrative and that ODOC had not referred the matter to Oregon State Police for time theft. Defendants deny the remaining allegations of paragraph 37.

38.

As to paragraph 38, Defendants admit that Plaintiff was facing a formal investigation as to time theft, and Plaintiff had been informed of this investigation. Defendants deny Defendants Towers or McCoy made any false statements to HPD, DPSST, or any other potential employer.

39.

Defendants admit the allegations of paragraph 39.

40.

As to paragraph 40, Defendants admit that Defendant Towers prepared an investigation report substantiating the allegations that Plaintiff had committed time theft. Defendants further admit that when Defendant McCoy went to place Plaintiff on administrative leave pending discipline, Plaintiff resigned, and did not allow Defendants to proceed with the standard disciplinary process. Defendants deny the remaining allegations of paragraph 40.

41.

Defendants deny the allegations of paragraph 41.

42.

Defendants admit that on or about December 16, 2025, an investigative interview was scheduled with Plaintiff, and that meeting involved Cynthia Rodarte. Defendants deny the remaining allegations of paragraph 42.

Page 7 -   STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
             FOR JURY TRIAL

43.

As to paragraph 43, Defendants admit that Plaintiff was informed in this meeting that hew as being placed on administrative leave during the investigation, and that Plaintiff responded by resigning from ODOC because he had a formal job offer from HPD. Defendants deny the remaining allegations of paragraph 43.

44.

Upon information and belief, Defendants admit the allegations of paragraph 44.

45.

As to paragraph 45, Defendants admit that HPD Captain Guerrero reached out to ODOC, and that he was provided information regarding the investigation. Defendants deny that Plaintiff was a whistleblower, that the investigation was baseless or retaliatory or intended to get revenge on Plaintiff for blowing the whistle on unethical practices. Defendants admit that no such statements were made regarding the investigation being allegedly retaliatory to Guerrero.

46.

As to paragraph 46, Defendants admit that Defendant Towers produced a copy of her investigation report upon Captain Gurrero's request. Defendants are without knowledge or information sufficient to admit or deny how HPD treated this document, and so deny the same. Defendants deny the remaining allegations of paragraph 46.

47.

Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 47 and so deny the same.

48.

As to paragraph 48, the contents of the investigation report speak for themselves.

49.

As to paragraph 49, the contents of the email speak for themselves.

Page 8 -    STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
        FOR JURY TRIAL
            AB9/bm9/1023776528
                                    Department of Justice
                                    100 SW Market Street
                                    Portland, OR 97201
                            (971) 673-1880 / Fax: (971) 673-5000

50.

Defendants deny the allegations of paragraph 50.

51.

As to paragraph 51, Defendants admit that Defendant Towers submitted complaint to DPSST that included the investigation report. Defendants further admit that DPSST received it as an informational complaint upon determining that DPSST did not have jurisdiction over Plaintiff at the time of the investigation.

52.

As to paragraph 52, upon information and belief, because Plaintiff's position with HPD was in DPSST's jurisdiction, DPSST forwarded the informational complaint to HPD.

53.

Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraphs 53, 54, 55, 56, 57, or 58 and so deny the same.

54.

As to paragraph 59, Defendants admit that Defendant Towers has represented that Plaintiff resigned in lieu of being placed on administrative leave because that is what occurred on or about December 16, 2025, when Defendants sought to place Plaintiff on administrative leave and he instead tendered his resignation. Defendants deny that Defendant Towers purposely "painted a picture" of anything other than the truth. Defendants deny that Plaintiff was a whistleblower being retaliated against, deny that Defendants deprived Plaintiff a right to a due process meeting to respond to the allegations in front of a final decision maker, and deny that Plaintiff was never provided with a liberty interest hearing to "clear his name."

55.

Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 60 and so deny the same.

Page 9 -   STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
              FOR JURY TRIAL

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983: Fourteenth Amendment Liberty Interest

(Against Towers, McCoy, Dwyer, and Doe Defendants)

56.

Defendants reallege all admissions, denials and answers to paragraphs 1-60 set forth above, and incorporate them by this reference.

57.

Defendants deny the allegations of paragraphs 62, 63, 64, 65, 66, 67, and 68.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983: Fourteenth Amendment Procedural Due Process

(Property Interest/*Loudermill* - Against Towers, McCoy, Dwyer, and Doe Defendants)

58.

Defendants reallege all admissions, denials and answers to paragraphs 1-68 set forth above, and incorporate them by this reference.

59.

Paragraph 70 contain legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny.

60.

Defendants deny the allegations of paragraphs 71, 72, 73, 74, and 75.

## THIRD CLAIM FOR RELIEF

### ORS 659A.199 Public Employee Whistleblower Retaliation

(Against Defendant State of Oregon)

61.

Defendants reallege all admissions, denials and answers to paragraphs 1-75 set forth above, and incorporate them by this reference.

Page 10 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

62.

Defendants admit the allegations of paragraph 77.

63.

Defendants deny the allegations of paragraphs 78, 79, 80, and 81.

## FOURTH CLAIM FOR RELIEF

### Defamation

(Against Defendant State of Oregon)

64.

Defendants reallege all admissions, denials and answers to paragraphs 1-81 set forth above, and incorporate them by this reference.

65.

Defendants deny the allegations of paragraphs 83, 84, 85, and 86.

66.

Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraphs 87 and 88 and so deny the same.

67.

Defendants deny the allegations of paragraphs 89, 90, and 91.

68.

Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 92, 93, or 94, and so deny the same.

69.

As to paragraph 95, Defendants admit that Plaintiff resigned in lieu of being placed on administrative leave. Defendants deny the remaining allegations of paragraph 95.

70.

Defendants deny the allegations of paragraph 96.

Page 11 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
FOR JURY TRIAL
AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## FIFTH CLAIM FOR RELIEF

## Intentional Interference with Economic Relations/Prospective Economic Advantage

(Against Defendant State of Oregon)

71.

Defendants reallege all admissions, denials and answers to paragraphs 1-96 set forth above, and incorporate them by this reference.

72.

Paragraph 98 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny.

73.

Defendants admit that Plaintiff was employed by HPD. Defendants deny the remaining allegations of paragraph 99.

74.

Paragraph 100 contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny.

75.

Defendants deny the allegations of paragraphs 101, 102, 103, 104, and 105.

76.

Defendants deny each and every allegation not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

77.

Plaintiff has failed to allege facts sufficient to constitute a claim for which relief can be granted.

AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## SECOND AFFIRMATIVE DEFENSE

## (Oregon Tort Claims Act Limitations)

78.

Plaintiff's claims are subject to the Oregon Tort Claims Act and the procedures, limitations, and immunities contained in Or. Rev. Stat. § 30.260 et seq., including but not limited to the requirements that separate and timely Tort Claim Notices be provided within 180 days of the alleged actions on which each claim for relief is based, and the requirement that the timely giving of such Tort Claim Notices must be pled in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

## (Qualified Immunity)

79.

Defendants McCoy, Towers, and Dwyer allege that at all times relevant to Plaintiff's Complaint, they were acting in good faith and within their discretion pursuant to the laws and statutes of the State of Oregon and the United States, and Defendants' conduct violated no clearly established statutory or constitutional rights of which a reasonable official would have knowledge.

## FOURTH AFFIRMATIVE DEFENSE

## (Truth)

80.

Any and all statements made by Defendants to HPD, DPSST, Washington Department of Licensing, or any other entity regarding Plaintiff were true to Defendants' knowledge, and made in good faith.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## FIFTH AFFIRMATIVE DEFENSE

### (Absolute/Qualified Privilege)

81.

Any and all statements made by Defendants regarding Plaintiff were made in the course and scope of their official duties. As such, Defendants' statements were absolutely privileged.

In addition, any and all representations made by Defendants regarding Plaintiff were made in good faith, made to protect the receiving party's interests, made on a subject of mutual concern to Defendants and the party receiving the communication, and made on a matter that affects the public interest. As such, Defendants' statements were also qualifiedly privileged.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutory Privilege under Or. Rev. Stat.§ 30.178)

82.

Pursuant to Or. Rev. Stat. § 30.178, Defendants disclosed information about Plaintiff's job performance to prospective employers upon the request of the prospective employers, in good faith. As such, Defendants are immune from liability for such statements.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent/Waiver)

83.

On or about April 15, 2026, Plaintiff signed a "Reference Release/Authorization to Release Information" for the Washington State Department of Licensing to contact former employers, and which provided he "knowingly and voluntarily release[s] . . . all my former or present employers, and their individual representatives, from any and all known and unknown claims for damages that may arise or result from DOL's request for, receipt of, and use of any information gathered pursuant to this authorization."

Page 14 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
          FOR JURY TRIAL
AB9/bm9/1023776528
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

84.

Plaintiff knew or should have known that Defendants would provide a reference to Washington State Department of Licensing that may be unfavorable or indicating he resigned while under investigation.

85.

Upon signing the Reference Release, Plaintiff voluntarily waived any claims arising from the disclosure of such information to the Washington State Department of Licensing.

## EIGHTH AFFIRMATIVE DEFENSE

### (Objective Basis for Decision)

86.

Defendants had valid, legitimate, objectively reasonable, non-retaliatory reasons for all actions taken regarding the terms and conditions of Plaintiff's employment and such actions were not based upon any improper motive or taken for any improper purpose.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

87.

Plaintiff's damages, if any, are the result of Plaintiff's own actions and failure to mitigate his damages.

## RESERVATION OF ADDITIONAL DEFENSES

88.

Defendants reserve the right to assert additional defenses as may become known to them through the investigation and discovery in this case.

AB9/bm9/1023776528

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

WHEREFORE, having fully answered Plaintiff's complaint, Defendants pray for a judgment in their favor and against Plaintiff, dismissing Plaintiff's complaint in its entirety and awarding Defendants their costs and disbursements incurred herein, and for such other and further relief as the Court may deem appropriate.

DATED July 6, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General


    s/ Allie M. Boyd
ALLIE M. BOYD #163478
Senior Assistant Attorney General
JULIA A. TAYLOR #244613
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
allie.m.boyd@doj.oregon.gov
julia.taylor@doj.oregon.gov
Of Attorneys for the Defendants State of
Oregon, Bonny McCoy, Christina Towers, and
Ryan Dwyer

Page 16 -  STATE DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND
     FOR JURY TRIAL
        AB9/bm9/1023776528
                              Department of Justice
                              100 SW Market Street
                              Portland, OR 97201
                         (971) 673-1880 / Fax: (971) 673-5000

## CERTIFICATE OF SERVICE

I certify that on July 6, 2026, I served the foregoing STATE DEFENDANTS' ANSWER

TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL upon the parties hereto

by the method indicated below, and addressed to the following:

Kirk W. Mylander
Mylander Law LLC
4800 Meadows Rd Ste 300
Lake Oswego, OR 97035

   ___ HAND DELIVERY
   ___ MAIL DELIVERY
   ___ OVERNIGHT MAIL
   ___ TELECOPY (FAX)
   _X_ E-MAIL(kirk@mylanderlaw.com;
raechelle@mylanderlaw.com)
   _X_ E-SERVE


     *s/ Allie M. Boyd*
ALLIE M. BOYD #163478
Senior Assistant Attorney General
JULIA A. TAYLOR #244613
Assistant Attorney General
Trial Attorney
Tel (971) 673-1880
Fax (971) 673-5000
allie.m.boyd@doj.oregon.gov
julia.taylor@doj.oregon.gov
Of Attorneys for the Defendants State of
Oregon, Bonny McCoy, Christina Towers, and
Ryan Dwyer

Page 1 -   CERTIFICATE OF SERVICE
AB9/bm9/1023822070

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000